**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZIFENG LIU, | No. 19-70648 |
| Petitioner, | Agency No. A202-195-689 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2020
Honolulu, Hawaii

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Petitioner Zifeng Liu seeks review of a final administrative order denying

his applications for asylum, withholding of removal, and relief under the

Convention Against Torture (CAT). Liu argues that substantial evidence does not

support the agency's adverse credibility determination and that he was not given

proper notice and opportunity to corroborate his claims under *Ren v. Holder*, 648

F.3d 1079 (9th Cir. 2011). We grant the petition for review with respect to Liu's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

asylum and withholding of removal claims and remand those claims to the agency, and we deny the petition with respect to his CAT claim.

1.     The Board of Immigration Appeals (BIA) analyzed Liu's credibility based on a non-corroboration ground and lack-of-corroboration grounds. Substantial evidence does not support the BIA's analysis on the non-corroboration ground—the lack of detail in Liu's testimony about his father's imprisonment. *Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016) ("First, we separate out the non-corroboration grounds for the adverse credibility determination and evaluate whether the IJ and BIA's determination is supported by substantial evidence."). Liu did not have personal knowledge about his father's arrest because it occurred after Liu fled from China. So Liu's testimony that he could not provide additional details because he did not know them was an explanation a reasonable Immigration Judge would have been compelled to accept. *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011).

2.     Because substantial evidence does not support the non-corroboration ground and Liu was otherwise credible, the agency was required to give Liu notice and an opportunity to provide corroborative evidence regarding his father's imprisonment. *Bhattarai*, 835 F.3d at 1043 ("[I]f we overturn that determination, and only issues regarding lack of corroboration remain, we next ask whether the IJ satisfied *Ren's* notice requirement."). The agency did not do so here. Liu was told

2

by the Immigration Judge at a master calendar hearing that he needed to provide corroborative evidence. But that generic notice was insufficient because it was not specific to the failings the agency identified in Liu's testimony. *Id.* at 1043–44 ("If the IJ did not provide the applicant notice of *the specific corroborative evidence* that was required and an opportunity to provide it or explain why he cannot reasonably obtain it, we remand for the IJ to give the applicant that opportunity." (emphasis added)).

3.      Because the BIA's denial of Liu's asylum and withholding of removal claims turned on the flawed adverse credibility determination, we grant the petition with respect to those claims and remand to the BIA with instructions to remand to the Immigration Judge so Liu has an opportunity to corroborate his testimony about his father's arrest with additional evidence.

4.      The agency concluded, however, that even assuming Liu was credible, he did not meet his burden of showing he was eligible for CAT relief. That conclusion is supported by substantial evidence. The documentary evidence Liu submitted states that "[i]n some places [in China], government supervision of unsanctioned religious activity is minimal," and that "many house churches . . . are quietly tolerated by local authorities." This evidence does not compel the conclusion that Liu would more likely than not be tortured if returned to China. We therefore deny the petition for review with respect to his CAT claim.

**PETITION FOR REVIEW GRANTED IN PART AND DENIED IN PART; REMANDED.**